IN THE UNITED STATES DISTRICT COURT FOR THE

WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| TONY BRANTLEY, | ) | |
|     Petitioner, | ) ) ) | |
| v. | ) ) ) | CIV-13-1352-F |
| EDWARD EVANS, Acting Director,[1] | ) ) ) | |
|     Respondent. | ) | |

## REPORT AND RECOMMENDATION

Petitioner, a state prisoner appearing *pro se* and *in forma pauperis*, has filed this Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. Petitioner is challenging the convictions for manufacturing controlled dangerous substance (methamphetamine), possession of controlled dangerous substance (methamphetamine), and possession of controlled dangerous substance (marijuana) entered in the District Court of Oklahoma County, Case No. CF-2004-2261, for which Petitioner was sentenced to an aggregate 86-year term of imprisonment. The matter has been referred to the undersigned Magistrate Judge for

---

[1] Because Petitioner is confined in a private prison in Oklahoma, the proper Respondent is Mr. Evans, the Acting Director of the Oklahoma Department of Corrections. Mr. Evans is therefore substituted as the Respondent, and Mr. Miller is dismissed from the action. See Rule 2, Rules Governing Section 2254 Cases in the United States District Courts (state officer having custody of the applicant is the properly-named respondent in federal habeas action); Fed. R. Civ. P. 25(d)(1).

1

initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B), and the Petition has been preliminarily reviewed pursuant to Rule 4, Rules Governing Section 2254 Cases in the United States District Courts. For the following reasons, it is recommended that the Petition be dismissed for lack of jurisdiction.

In ground one of the Petition, Petitioner asserts that he is entitled to a new trial because he has "newly discovered evidence" of his innocence. Petitioner describes the "newly discovered evidence" as the testimony of his codefendant, Honey Michael, during the trial of another codefendant, Don Foglesong, in March 2006. In ground two, Petitioner asserts that he was denied effective assistance of trial counsel because his attorney (1) did not call Ms. Michael as a witness despite knowledge that Ms. Michael's testimony would exculpate Petitioner and (2) failed to investigate the probable testimony of co-defendants. In ground three, Petitioner contends that his sentence is disproportionately excessive. In ground four, Petitioner asserts that he was denied effective assistance of appellate counsel due to his appellate counsel's failure to raise the foregoing issues in his direct appeal. In his fifth ground for habeas relief, Petitioner contends there was insufficient evidence to support his convictions and his codefendant Ms. Honey Michael's testimony showed he is actually innocent.

Taking judicial notice of the Court's own records, Petitioner previously sought habeas relief in this Court concerning his convictions in Case No. CF-2004-2261. In that action, Petitioner raised ten grounds for habeas relief. Petitioner asserted that he was denied his Fourth Amendment rights to be free from unreasonable searches and seizures; there was

insufficient evidence to support his convictions; he was improperly impeached; the trial court's instructions were erroneous; he was denied effective assistance of trial counsel; the cumulative effect of trial errors warranted habeas relief; and he was entitled to a new trial because he had discovered new evidence in the form of the testimony of his codefendant Honey Michael during the trial of another codefendant, Donald Foglesong, which demonstrated he was innocent. Brantley v. Sirmons, Case No. CIV-08-566-F (Petition)(Doc. # 1). In a 37-page Report and Recommendation, Magistrate Judge Argo addressed and rejected each of his constitutional claims. Because Petitioner had not shown any constitutional violations, Judge Argo concluded that Petitioner's newly discovered evidence claim did not warrant federal habeas relief. In an Order and Judgment entered January 26, 2009, United States District Judge Friot adopted the Report and Recommendation and denied the petition. Petitioner appealed this decision.

On August 20, 2009, the Tenth Circuit Court of Appeals issued an order denying a certificate of appealability. Brantley v. Sirmons, 342 Fed.Appx. 384 (10th Cir. 2009)(unpublished op.), cert. denied, 559 U.S. 947 (2010). In its order, the court rejected each of Petitioner's constitutional claims. The court then concluded that "[b]ecause there have been no constitutional violations in the state court proceedings, habeas relief is unavailable from newly discovered evidence." Id. at 387 (citing Herrera v. Collins, 506 U.S. 390, 400 (1993) and Clayton v. Gibson, 199 F.3d 1162, 1180 (10th Cir. 1999)). The court further found that "[i]n any event, his accomplice's testimony in a co-defendant's trial does not disturb our confidence in the verdict, in light of the extensive evidence of Mr. Brantley's

3

involvement in the methamphetamine operation." Id.

As part of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2244 was amended to provide that:

> [b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

28 U.S.C. § 2244(b)(3)(A). See Case v. Hatch, 731 F.3d 1015, 1026 (10th Cir.), cert. denied, __ U.S. __ (2013)("The filing of a second or successive § 2254 application is tightly constrained by the provisions of AEDPA.").

Because the previous disposition of Petitioner's habeas petition challenging the same convictions was on the merits, the instant Petition is successive. Therefore, absent prior authorization from the Tenth Circuit Court of Appeals, which is not demonstrated, this Court lacks jurisdiction to consider the instant Petition. 28 U.S.C. § 2244(b)(3).

Generally, "when a second or successive petition for habeas corpus relief under §2254 . . . is filed in the district court without the required authorization . . . , the district court should transfer the petition or motion to [the appellate] court in the interest of justice pursuant to [28 U.S.C.] § 1631." Coleman v. United States, 106 F.3d 339, 341 (10th Cir. 1997). However, "[w]here there is no risk that a meritorious successive claim will be lost absent a [28 U.S.C.] § 1631 transfer, a district court does not abuse its discretion if it concludes it is not in the interest of justice to transfer the matter to [the appellate] court for authorization." In re Cline, 531 F.3d 1249, 1252 (10th Cir. 2008).

4

In this case, the Tenth Circuit Court of Appeals rejected his ineffective assistance, insufficiency of the evidence, and "newly-discovered evidence" arguments in Petitioner's previous habeas action. Thus, it appears that his unauthorized filing is not made in good faith. See Trujillo v. Williams, 465 F.3d 1210, 1223 n. 16 (10th Cir. 2006)(suggesting that an action is not filed in good faith when a plaintiff "either realized or should have realized that the forum in which he or she filed was improper"). Moreover, Petitioner has not presented any possible meritorious constitutional claims. Therefore, a transfer of the matter to the Tenth Circuit Court of Appeals would not further the interest of justice.

## RECOMMENDATION

Based on the foregoing findings, it is recommended that the Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 be DISMISSED for lack of jurisdiction. Petitioner is advised of his right to file an objection to this Report and Recommendation with the Clerk of this Court by     February 5th  , 2014, in accordance with 28 U.S.C. § 636 and Fed. R. Civ. P. 72. The failure to timely object to this Report and Recommendation would waive appellate review of the recommended ruling. Moore v. United States of America, 950 F.2d 656 (10th Cir. 1991); cf. Marshall v. Chater, 75 F.3d 1421, 1426 (10th Cir. 1996)("Issues raised for the first time in objections to the magistrate judge's recommendations are deemed waived.").

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter, and any pending motion not specifically addressed

herein is denied.

ENTERED this   16th   day of   January  , 2014.

GARY M. PURCELL
UNITED STATES MAGISTRATE JUDGE